IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ENBRIDGE PIPELINES (ILLINOIS) L.L.C.,

    Plaintiff,

v.

JOSEPH E. BURRIS and SALLIE J. BURRIS,

    Defendants.                                   Case No. 08-cv-697-DRH-CJP

_____

ENBRIDGE PIPELINES (ILLINOIS) L.L.C.,

    Plaintiff,

v.

HENRY S. PORTZ,

    Defendant.                                      Case No. 08-cv-841-DRH-DGW

_____

ENBRIDGE PIPELINES (ILLINOIS) L.L.C.,

    Plaintiff,

v.

THEODORE L. HORTENSTINE, ANETTA M.
HORTENSTINE, ANDREA M. WORKMAN,
RICHARD C. HORTENSTINE, ANDREW J.
HORTENSTINE, and JENNIFER A. GROHLER,

    Defendants.                                   Case No. 08-cv-842-DRH-PMF

**MEMORANDUM & ORDER**

**HERNDON, Chief Judge:**

Before the Court are pending Motions in the above three cases. First, the Court will address Defendants' Motion to Consolidate and Motion to Transfer to the Central District of Illinois, Urbana Division, pending in all three cases (No. 08-697, Doc. 17; No. 08-841, Doc. 16; No. 08-842, Doc. 27). Because the Motions and Plaintiff's Responses are essentially the same in all three cases, the Court will specifically address the briefings filed in the lead case: ***Enbridge v. Burris*, Case No. 08-cv-697-DRH-CJP**. Defendants seek consolidation of the following cases, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 42(a)**: ***Enbridge v. Burris*, No. 08-cv-697-DRH-CJP,** *Enbridge v. Portz*, **No. 08-cv-841-DRH-DGW**, and ***Enbridge v. Hortenstein*, No. 08-cv-842-DRH-PMF**. Defendants further request a transfer of the three consolidated cases in this District to the United States District Court for the Central District of Illinois, Urbana division.

Defendants believe Plaintiff's three cases filed in this District should be consolidated because they share common questions of law and fact, explaining that these "non-consolidated cases are merely part of a larger effort by Plaintiff to secure property rights for its single multi-district pipeline project," regarding Plaintiff's cases "seeking declaratory relief as to certain claimed easement/right-of-way rights related to its proposed pipeline route" (Doc. 17, ¶¶ 2 & 9). Defendants additionally believe a transfer of venue is appropriate because Plaintiff has also filed many similar lawsuits in the Central District of Illinois, which were all consolidated in a January

12, 2009 Order issued by Chief Judge McCuskey (*Id*. at ¶ 6, Ex. A). Consolidating and transferring Plaintiff's three cases in this District will, Defendants argue, be in the interests of judicial economy and the Parties' best interests (*Id*. at ¶¶ 10-11).

Plaintiff has responded in opposition (Doc. 18), arguing that neither a consolidation nor a transfer is appropriate. At most, Plaintiff states that it will agree to a pretrial consolidation of its three cases filed in this District (provided that a consolidation will not upset the Track A designation or discovery schedule in place in the instant case), but it continues to oppose a transfer to the Central District of Illinois. In support, Plaintiff argues that the suits it has filed in this District deal with title issues for land located in Fayette County, Illinois, which is within the Southern District rather than the Central District of Illinois (*Id*. at ¶ 3). Plaintiff asserts that this case, as well as the other two filed in this District, amount to classic "local action[s]" and therefore, they are properly brought within this District (*Id*.). Moreover, Plaintiff argues that Defendants have failed to so much as identify the legal authority pursuant to which they seek a transfer of venue (*Id*. at ¶ 4). Plaintiff supposes Defendants seek a transfer of venue pursuant to **28 U.S.C. § 1404(a)**. Continuing, Plaintiff argues Defendants have completely failed in meeting their burden to show that a transfer of venue would be appropriately necessary under § 1404(a).

In their Reply (Doc. 19), Defendants refute Plaintiff's assumption that their request for a transfer of venue was made pursuant to § 1404(a) and instead, state that they seek a consolidation and transfer pursuant to **28 U.S.C. § 1407** (*Id*.

at p. 2). Specifically, Defendants "urge the multidistrict consolidation of these cases with the substantially similar cases now pending in the Central District. Under Section 1407(c), the transfer can occur upon the initiative of the Judicial Panel on Multidistrict Litigation or upon separate motion of a party" (*Id.*). Defendants have further stated that if this Court does not "alert the Judicial Panel on Multidistrict Litigation to the pending actions," Defendants intend to file a "party-initiated request with the Panel" (*Id.*).

**Rule 42(a)** permits a court to consolidate cases if they "involve a common question of law or fact." Here, the Court finds that the three suits Plaintiff has filed in this District, as previously identified in this Order, involve the requisite "common question of law or fact" to warrant consolidation. Because Defendants have affirmatively stated that they do not seek a transfer of venue pursuant to § 1404(a), there is no need for the Court to conduct such an analysis; clearly, Defendants have not met their burden under this statute to show a transfer of venue is necessary. As for a transfer of venue pursuant to § 1407, under the plain language of the statute, the only way a case can be transferred for multidistrict litigation is when the proceedings for such transfer have been initiated by either: (i) the judicial panel on multidistrict litigation or (ii) by a motion filed with the panel by a party in any action in which transfer may be appropriate. **28 U.S.C. § 1407(c)**. As such, this Court has no authority to order that this case (consolidated or otherwise) be transferred to the panel. However, if Defendants wish to file a motion with the panel requesting this transfer, they are certainly free to do so.

For the reasons discussed, the Court hereby **GRANTS IN PART AND DENIES IN PART** Defendants' Motions to Consolidate and Motion to Transfer to the Central District of Illinois, Urbana Division (No. 08-697, Doc. 17; No. 08-841, Doc. 16; No. 08-842, Doc. 27). The following three cases shall be consolidated: ***Enbridge v. Burris*, No. 08-cv-697-DRH-CJP**, ***Enbridge v. Portz*, No. 08-cv-841-DRH-DGW**, and ***Enbridge v. Hortenstein*, No. 08-cv-842-DRH-PMF**. All three cases shall be consolidated into: ***Enbridge v. Burris*, No. 08-cv-697-DRH-CJP**, with all filings to be made in it. Chief Judge Herndon will preside over this consolidated matter with Judge Proud as the assigned Magistrate.

The next pending motion is Plaintiff's Motion for Sanctions Pursuant to **28 U.S.C. § 1927** (Doc. 20), which was solely filed in the lead case, *Enbridge v. Burris*, No. 08-697. Plaintiff moves for the imposition of sanctions against Defendants, based on both their Motion to Consolidate/Transfer (Doc. 17) and their Reply thereto (Doc. 19). Among other things, Plaintiff argues that in their Reply, Defendants wrongly asserted that Plaintiff had filed an untimely Response (Doc. 18) to their Motion to Consolidate/Transfer, when this was, in fact, untrue (Doc. 20, ¶ 2). Further, Plaintiff argues that Defendants did not even identify that their request for a transfer was being made pursuant to § 1407 until they filed their Reply (Doc. 19), as in their initial Motion, Defendants failed to cite any legal authority upon which they were basing their request for transfer (*Id.* at ¶ 3). As such, Plaintiff complains it was forced to spend time, effort and resources in drafting a Response which had

to anticipate and argue the lack of merit of a § 1404(a) transfer, when that was not actually the Defendants' intent whatsoever (*Id.* at ¶¶ 7-8). Moreover, Plaintiff asserts that Defendants again incorrectly stated the law with regard to § 1407 by requesting this Court initiate a transfer under the statute, which is procedurally improper (*Id.* at ¶ 5). In sum, Plaintiff believes sanctions are warranted because Defendants "multiplie[d] the proceedings . . . unreasonably and vexatiously," by failing to "perform[] a scintilla of legal research to determine if there were any legitimate basis upon which this Court is empowered to transfer the instant case to the Central District of Illinois under the relevant facts . . ." (*Id.* at ¶ 7).

In response, Defendants oppose Plaintiff's assertion that sanctions are warranted based on their earlier Motion to Transfer, arguing that the supporting cases Plaintiff cites all involve significantly more egregious attorney behavior than what has occurred here (Doc. 24, ¶¶ 7 & 9-11). Instead, Defendants believe their request for a transfer was "legally plausible and justified under the premises . . ." (*Id.* at ¶ 12). Replying, Plaintiff argues that Defendants failed to make any legal arguments in their Motion to Consolidate/Transfer (Doc. 17) as to how a transfer was "legally plausible" and a mere conclusory statement cannot make it so (Doc. 31, ¶ 1). Further, Plaintiff asks this Court to reject Defendants' "empty head, pure heart" defense and impose sanctions as a means to compensate "victims of dilatory practices, not as a means of punishment" (*Id.* at ¶ 3, citing **Hamilton v. Boise Cascade Express, 519 F.3d 1197 (10th Cir. 2008)**). Lastly, Plaintiff points to Defendants' statement in their Response to Plaintiff's instant Motion which states:

> On February 5, 2009 all counsel were notified by telephone that, in response to Defendants' motion to transfer, the matter was submitted to the judicial panel on multidistrict litigation for consideration of consolidation of the [three Southern District] cases for coordinated pretrial proceedings in the Central District to further promote the just and efficient conduct of the actions filed by Enbridge Illinois.

(*Id*. at ¶ 4, citing Doc. 24, ¶ 6.) Plaintiff questions the veracity of Defendants' above claim, as this Court has no authority under § 1407 to submit these cases to the panel.

A court has discretion to impose sanctions against an attorney, under § 1927, if the court finds the attorney has either: (1) acted objectively unreasonable by engaging in "'serious and studied disregard for the orderly process of justice;'" (2) pursued a claim that has no plausible legal or factual basis; or (3) pursued some other course of action that a reasonably diligent attorney would have known was unsound. ***Jolly Group, Ltd. v. Medline Industries, Inc.*, 435 F.3d 717, 720 (7th Cir. 2006) (citing *Pacific Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 119 (7th Cir. 1994) and *Kapco Mfg. Co. v. C & O Enters., Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989))**. To this Court, although Defendants' counsel has obviously been economical with their citation to legal authority, it does not find this behavior egregious enough to warrant the imposition of sanctions at this time. However, the Court expects Defendants will take heed that future filings shall be well-grounded in legal research and veracity. Therefore, Plaintiff's Motion for Sanctions Pursuant to **28 U.S.C. § 1927** (Doc. 20) is **DENIED**.

The last motions pending before the Court are Defendants' Motion to

Vacate Discovery Order, filed in both *Enbridge v. Burris* and *Enbridge v. Hortenstine* (No. 08-697, Doc. 23; No. 08-842, Doc. 33), whereby Defendants seek to vacate the Track A discovery setting and presumptive trial date in this case so that the discovery dates may be reset to align with *Enbridge v. Portz*, No. 08-cv-841-DRH-DGW, which is currently on a Track B setting. Plaintiff strongly opposes vacating the Track A setting (Doc. 30). Yet, because the Court has ruled to consolidate the three pending suits filed by Plaintiff in this District, it finds that vacating the Track A setting is appropriate, so that the cases, once consolidated, may align with the later discovery setting of *Enbridge v. Portz*, No. 08-cv-841-DRH-DGW. Accordingly, Defendants' Motions to Vacate Discovery Order (No. 08-697, Doc. 23; No. 08-842, Doc. 33) are **GRANTED**. As such, this newly-consolidated case hereby adopts the Track B setting, as well as the discovery/motions deadlines and presumptive trial date of *Enbridge v. Portz*, No. 08-cv-841-DRH-DGW, as set forth in Document No. 12 - Track Order and Document No. 28 - Scheduling Order, entered in that case.

**IT IS SO ORDERED**.

Signed this 30th day of April, 2009.

/s/      *David R Herndon*

**Chief Judge**
**United States District Court**