IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ENBRIDGE PIPELINES (ILLINOIS) L.L.C.,**

    **Plaintiff,**

**v.**

**JOSEPH E. BURRIS and
SALLIE J. BURRIS, et al.,**

    **Defendants.**

**Consolidated
Case No. 08-cv-697-DRH-CJP**

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

### I. Introduction

Before the Court is defendants Joseph E. Burris and Sallie J. Burris' ("Defendants" or the "Burris defendants") Motion for Reconsideration and Rehearing (Doc. 59) of the Court's Order (Doc. 58) granting Plaintiff's Motion for Summary Judgment (Doc. 32). Defendants move pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 59**. In the Court's order with which Defendants take issue, the Court declared that three right-of-way grants[1] (hereinafter the "Burris easements") held by

---

[1] This matter centers around three easements running across four separate tracts of land (Tracts 12-008, 12-012, 12-013 and 12-014) which are currently owned by the Burris defendants (Doc. 33, ¶¶ 3-6; Doc. 43, ¶¶ 3-4). All three easements granted and conveyed "the right to lay, operate and maintain a pipe line for the transportation of oil, gas, gasoline and/or other fluids," as well as "the right to lay, operate and maintain, adjacent to and parallel with the first, a second pipe

Plaintiff were valid and enforceable according to their terms against Defendants. In reaching its final conclusion, the Court also found that diversity jurisdiction existed, declaratory relief was proper, Plaintiff properly established chain of title over the Burris easements, and that the easements had neither been abandoned nor had they expired (Doc. 58, p. 24). Defendants now seek relief under Rule 59, arguing that the Court made a manifest error of law or fact in finding that it possessed subject matter jurisdiction on the basis of diversity jurisdiction, **28 U.S.C. § 1332**, or more specifically, that the amount in controversy had been met, and also in its finding that the easements had not expired (Doc. 59). Plaintiff has responded in opposition (Doc. 60). Thus, the issues are ripe for determination. For the reasons discussed herein, the Court finds no cause to warrant Rule 59 relief.

## II. Discussion

### A. Rule 59

Rule 59(e) motions serve a narrow purpose and must clearly establish either: (1) a manifest error of law or fact or (2) present newly discovered evidence. ***Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996);** ***Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986);** ***Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985)**. "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings."

---

line . . ." (Doc. 2 - Complaint, Group Ex. A).

***Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) (citation omitted)**.  The function of a motion to alter or amend a judgment is not to serve as a vehicle to re-litigate old matters or present the case under a new legal theory.  ***Moro*, 91 F.3d at 876 (citation omitted); *King v. Cooke*, 26 F.3d 720, 726 (7th Cir. 1994),** *cert. denied*, **514 U.S. 1023 (1995)**.

**B.   Analysis**

**1.   Jurisdiction**

In its order granting Plaintiff summary judgment against the Burris Defendants (Doc. 58), the Court found that Plaintiff had properly established that the amount in controversy exceeded $75,000.00 and thus, the Court had subject matter jurisdiction over the case under **28 U.S.C. § 1332**.  The Court largely based its finding on information contained within the deposition of Norm Henenberg (Doc. 54, Ex. 2), submitted by Plaintiff, which averred that Plaintiff's cost incurred, if the easements were declared invalid, would likely exceed $75,000.00.[2] Defendants argue that the Court's assessment of the jurisdictional amount is flawed for two reasons

---

[2] Specifically, Henenberg explained:
> [I]f the various pipeline easement(s) cannot be used, Plaintiff will need to find a new way around each tract of land, thereby incurring additional costs to acquire new land for the new pipeline route . . . this effort will also incorporate further costs for additional materials, construction engineering work, as well project delay costs (Doc. 54, p. 5, n.3, Ex. 2). [The] additional pipe needed, if a longer route is required to go around Defendants' tracts of land, costs approximately $100 to $200 per foot. Because an alternate path is yet unknown (as additional easements have not been acquired because Plaintiff believes it maintains the right to use the Burris easements), Plaintiff has no way of specifically calculating the length of additional pipeline needed or the corresponding costs for the additional materials, construction and engineering.

(Doc. 58, pp. 7-8.)

(Doc. 60, p. 3). First, Defendants believe Henenberg's affidavit to be wholly conclusory, amounting to nothing more than unsupported assertions of value (*Id*. at 3-4). Second, Defendants argue that Henenberg's valuation is "only tangentially related to the amount in controversy" of this case (*Id*. at 5-6). As cited by the Court in its summary judgment order, when the amount in controversy is challenged, the Seventh Circuit requires that the jurisdictional facts be proven "by a preponderance of the evidence." **Meridian Security Ins. Co. v. Sadowski, 448 F.3d 536, 543 (7th Cir. 2006)**. Then, only if the Court finds it "legally certain" that the amount in controversy *will not* exceed the jurisdictional threshold amount should the case be dismissed for lack of subject matter jurisdiction. **Id.**

In this case, Defendants again raise many of the same arguments regarding their challenges to the amount in controversy as made in their summary judgment response (Doc. 43). Nevertheless, the Court still adheres to its finding that Plaintiff has offered proof to show it is more likely than not that it would incur costs exceeding $75,000.00 if the Burris easements were declared invalid and it had to reroute the pipeline around their property. Defendants also argue that the Court looked to the incorrect measure of damages in considering Plaintiff's potential costs if it were necessary to reroute the pipeline. Instead, Defendants assert that the appropriate means of valuing this case is by determining the potential value of a "newly negotiated easement across Defendants' property" (Doc. 60, p. 5). The Court finds this argument unavailing as well, in that the court may exercise the "either

viewpoint" rule when determining the potential amount in damages in a declaratory judgment case, which considers the pecuniary result to either party from the court's grant or denial of declaratory relief.  *See **Muscarello v. Ogle County Bd. of Com'rs**, — F.3d —, Nos. 08-2464 and 09-1381, 2010 WL 2541067 at \*8 (7th Cir. June 24, 2010) (Wood, J.) (citing **McCarty v. Amoco Pipeline Co.** 595 F.2d 389, 393-97 (7th Cir. 1979)); see also **America's MoneyLine, Inc. v. Coleman**, 360 F.3d 782, 786 (7th Cir. 2004) (citing **McCarty**, 595 F.2d at 393)*.  Further, there is nothing on the record from which the Court can deduce that it is "legally certain" that the amount in controversy would not be exceeded.  As **Sadowski** noted, "[w]hether damages will exceed $75,000 is not a fact but a prediction."  *Id.* at 541. While such a "prediction" must be grounded in fact, the Court believes Plaintiff has offered sufficient facts by way of the Henenberg affidavit to establish subject matter jurisdiction.

      **2.**    **Expiration of the Easements**

As with their jurisdictional objections, in the instant Motion, Defendants also appear to again raise the same arguments as made in their summary judgment response regarding the issue of whether the Burris easements are no longer valid due to their expiration (Doc. 60, pp. 6-9).  In its order granting summary judgment in favor of Plaintiff, the Court found that although the terms of the Burris easements made their continued validity conditional upon the easement holder's obligation to

"maintain" the pipeline, the pipelines had been maintained (Doc. 58, pp. 21-23).[3]

In support of their request for reconsideration, Defendants claim the Court fundamentally erred in its analysis regarding the expiration issue, because despite the maintenance noted by the Court, it failed to properly consider that "[t]he pipeline had already been left with no maintenance activities for decades" before the maintenance activities conducted by Plaintiff (Doc. 60, p. 7, arguing that "The Court looks to Enbridge's more recent activities as sufficient evidence of necessary and reasonable maintenance on a nonoperational pipeline, but ignores the prior decades of no maintenance whatsoever."). As Plaintiff points out in its Response (Doc. 61, p. 8), the Court did list certain pipeline maintenance activities in its summary judgment order, which were conducted prior to plaintiff Enbridge's ownership of the Burris pipeline easements (*see* Doc. 58, pp. 18-21). The term "maintained" as set forth in the language of the Burris easements does not impose an obligation upon the grantee to conduct "daily" or even "annual" maintenance. Because the grantors and grantee of the Burris easements did not specifically describe their expectations of proper pipeline maintenance, the Court must ascribe a common sense meaning to the term, as based upon the overall purpose of the easement and the context of the easement language. The Court has already discussed its interpretation of the term in its order granting Plaintiff summary judgment (Doc. 58, pp. 21-23). The grounds presented by Defendants here do not warrant further reconsideration of the Court's

---

[3] The language of the Burris easements at issue actually reads "To have and to hold the said easements . . . so long as such pipe lines or other structures are maintained . . . ." (Doc. 2, Group Ex. A).

rationale.

### III. Conclusion

Because the Court finds that it did not commit a manifest error of fact or law in its decision to grant summary judgment in favor of Plaintiff in this matter, Defendants' Motion for Reconsideration and Rehearing (Doc. 59), made pursuant to Rule 59 is hereby **DENIED**.

**IT IS SO ORDERED**.

Signed this 3rd day of August, 2010.

/s/   DavidRHerndon

**Chief Judge**
**United States District Court**